Williams for the plaintiff: The act of 1777, ch. 2, sec. 10, directs that no suit shall be commenced in the Superior Court of less value than £ 50, where the parties live in different districts; and if any person shall demand a greater sum than is due, on purpose to evade this act, or if *Page 359 
any suit shall be commenced contrary to the true meaning of this act, the plaintiff in either case shall be nonsuited and pay costs: Provided, that if the plaintiff, or any person for him, will make an affidavit that the sum for which his suit shall be brought is really due, but that for want of proof, or that the time limited for the recovery of any article bars a recovery, then and in that case the plaintiff shall have a verdict and judgment for what appears to be legally proved, etc. The same clause is repeated and reenacted in a subsequent act passed lately. The pleader of the plea has supposed the Court has no jurisdiction where the sum really due is of less value than £ 50, and has accordingly pleaded in abatement; but this is a mistake, as becomes evident if we only consider the consequences of a plea in abatement, and how different the course of proceedings must be upon that from what the law intended. Suppose part of the demand is barred by the act of limitations, (455) how is the defendant to take advantage of that circumstance upon a plea in abatement, or how is the plaintiff to know of his intention to take advantage of it before the trial? Is the defendant to be permitted to plead a plea in abatement, and to give the statute in evidence? Suppose he has a set-off reducing the sum below £ 50, is that to be a set-off upon this plea in abatement without notice given? If not, how is the sum really due to the plaintiff to be ascertained, if the verdict upon such a plea should find the sum really due to be less than £ 50, and the plaintiff then makes the affidavit required by the act, will the Court give judgment in chief upon such a finding? They cannot, for the jury upon issue joined on a plea in abatement are not to assess damages but only when they find against the plea. In the case I have supposed, they would find for it. It is argued a plea in abatement is most proper, because the plaintiff cannot be nonsuited after the finding of the jury. It is true he cannot voluntarily suffer a nonsuit in common cases, nor, indeed, can he in common cases be nonsuited against his consent; but if an act empowers the Court to nonsuit him, whether he will or not, they may in that particular case give judgment as in case of a nonsuit. This is only a critical objection; it does not meet the act. We are to form our judgment upon that, and its true meaning. It is plain from the cases I have before stated, the objects of the act cannot be attained by a plea in abatement.
Judgment of respondents ouster, and all costs up to the time of overruling the plea.
See Allen v. Stokes, ante, 122.
Sci. fa. must issue on death of a defendant, but not on death of plaintiff. *Page 360